[Civ. No. 2242.   Second Appellate District.—May 28, 1918.]

## J. M. WILSON, Respondent, v. CLIFFORD A. FULLER, Appellant.

Contract — Sinking of Well — Depth at Which Drilling Might be Stopped—Construction.—A contract to sink a well to a minimum depth of one hundred and fifty feet, but not to exceed five hundred feet, and providing that the contractor might stop drilling after reaching the minimum depth, permits the driller to stop at any time after reaching one hundred and fifty feet.

Id.—Recovery of Full Amount Earned — Right of Contractor.— Under such a contract, the contractor can recover the full amount earned, although the contract required only half payment at the reaching of each one hundred feet in the digging.

APPEAL from a judgment of the Superior Court of Kern County.   Milton T. Farmer, Judge.

The facts are stated in the opinion of the court.

E. L. Foster, and Chas. A. Barnhart, for Appellant.

W. W. Kaye, for Respondent.

CONREY, P. J.—By the findings of the court in this case the following facts appear: By agreement in writing plaintiff's assignor, J. H. Beck, agreed to drill a well for the defendant for which the defendant agreed to pay the sum of $1.50 per foot for the first one hundred feet, and an increase of twenty-five cents per foot for each additional one hundred feet; one-half the contract price to be paid at the completion of each one hundred feet, "and the balance at completion of well." The contractor agreed "to sink such well to a minimum depth of 150 feet, but in no event to exceed a maximum depth of five hundred feet." The contract also provided that "after the minimum depth has been reached first party may stop drilling, and must stop drilling if requested by second party." By supplementary agreement made before the commencement of the work, it was arranged that the work should be done by Wilson under the supervision of Beck. After Wilson ceased work, as hereinafter stated, Beck assigned to Wilson all his interest in the contract.

When the well had been drilled to a depth of 174 feet Wilson ceased work thereon. The defendant failed and refused to pay to Wilson or to Beck the one-half of the contract price for the drilling of the well upon the completion of one hundred feet, and failed and refused to pay any sum of money upon the completion of the drilling of the well to said depth of 174 feet. The contract provided that in the event of default by the defendant in making any payment and the institution of suit to collect the same, defendant would pay a reasonable sum as attorney fees. It became necessary for the plaintiff to prosecute this action, and a reasonable attorney fee therein is the sum of $50. The well was properly constructed to a depth of 150 feet. By reason of the carelessness and negligence of Wilson in not carrying the casing down with the hole as the same was being drilled, sand and debris from the walls of the well filled it up twenty-four feet from the bottom, whereby the work done by Wilson in putting down the last twenty-four feet was valueless. The defendant was obliged to employ another driller, one Schutz, to complete the drilling of the well, and was obliged to pay, and did pay, Schutz the sum of $150 for moving his drilling rig and setting the same up over the said well for the drilling thereof, and for the redrilling of said well below the depth of 150 feet to 174 feet, as well as other sums paid to said Schutz for completing the well to a depth below 174 feet.

Upon the facts found the court determined that the plaintiff was entitled to judgment against the defendant in the sum of $237.50, the price agreed upon in the contract for drilling the well to the depth of 150 feet, together with interest from the date when the work ceased to the entry of judgment herein, and for the sum of $50 as attorney fees. The defendant appeals from the judgment.

The plaintiff's right to recover the sum allowed depends upon the construction to be given the terms of the contract. Appellant contends that the contract is a contract to drill a well to the depth of five hundred feet, and that the only time the contractor could stop drilling would be at the depth of 150 feet. We do not so understand the meaning of the contract. There was a minimum depth of 150 feet, to which depth the contractor was bound at all events to prosecute his work. Then he was given the privilege to stop drilling, not

merely "at" the depth of 150 feet, but "after the minimum depth has been reached."

Since the last twenty-four feet in depth of the well as drilled by Wilson was, by reason of Wilson's negligence, without value, he was not entitled to recover any compensation therefor. But the defendant may not receive any additional allowance as damages on that account, since the findings do not show how much of the money paid by him to Schutz was for redrilling, nor that the amount so paid was a reasonable sum. A part of the $150 paid to Schutz was for moving his drilling rig and setting it up over the well. But this work was also done for the purpose of carrying the well to a lower depth, the expense whereof is not chargeable to the plaintiff. No suggestion is made by appellant that the findings are defective or erroneous.

The appellant further contends that at all events the judgment could not exceed $75, because by the terms of the contract only one-half of the contract price should be paid at the completion of each one hundred feet. We think that, under a fair construction of the contract as a whole, the contractor was entitled to recover the entire amount which had been earned by him at the time when, in accordance with the privilege given him by the terms of the contract, he ceased work. It is very clear that this would have been so if, as specified in the contract, he had stopped drilling on request of the defendant; and we see no reason why the same result does not follow when the contractor, acting within his rights as given by the contract, stopped the work without such request.

The judgment is affirmed.

James, J., and Works, J., *pro tem.*, concurred.